UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------------- X
: 
DEION STALLING, : Civil Action No. 20 cv 6285
:
Plaintiff, :
: **COMPLAINT**
vs. :
: Jury Trial Demanded
MOTIVATE LLC, MATTHEW PARKER, :
JUSTIN LOTTIE, and CHRIS RUSSELL, :
:
Defendants. :
:
:
-------------------------------------------------------------------- X

Plaintiff, DEION STALLING, complaining of the Defendants, by his attorney J. Patrick DeLince, of DeLince Law PLLC, alleges and avers as follows:

## NATURE OF THE CASE

1. DEION STALLING brings this employment discrimination and retaliation claim under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C §4301, *et seq.* , as amended ("USERRA") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL") and the New York State Executive Law, Article 15, Human Rights Law, § 290 *et seq.*, ("NYS Executive Law") with respect to the terms, conditions and privileges of his employment. Plaintiff is an Army Reservist in the U.S. Army and he brings this action to redress discrimination and retaliation by the Defendants against him for taking out time off for military service training as part of US Army deployments.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343-(a)(4), 2201.

3. This action arises under the Constitution and Federal laws Jurisdiction and the Court's pendent jurisdiction of the New York State and City Claims pursuant to 28 U.S.C. § 1367.

4. DEION STALLING hereby alleges that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs attendant to the litigation.

5. Venue is properly established in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

6. Plaintiff DEION STALLING is an Army Reservist in the U.S. Army, holding the rank of Captain, with an MBA degree from Louisiana State University-Shreveport.

7. Plaintiff is a resident of the County of New York, New York.

8. Defendant MOTIVATE LLC conducts business within the State of New York.

9. Upon information and belief, Motivate International Inc. is a parent company or otherwise affiliated to MOTIVATE LLC.

10. Upon information and belief MOTIVATE LLC employs more than four (4) persons within the United States and is an employer within the meaning of the NYS Executive Law and the NYCHRL.

11. Defendant MATTHEW PARKER, at all times relevant to this Complaint, was the Chief Executive Office of Motivate LLC.

12. Upon information and belief, MATTHEW PARKER is a resident of County of New York, New York.

13. Defendant JUSTIN LOTTIE, at all times relevant to this Complaint, was employed by MOTIVATE LLC as Deputy Director of Bike Fleet Management, until in or

around November/December 2019, he was promoted to the role he holds currently, Director of Bike Fleet Management, and became the individual to whom Plaintiff reported.

14. Upon information and belief, JUSTIN LOTTIE is a resident of the County of Brooklyn, New York.

15. Defendant CHRIS RUSSELL was hired by Defendant MOTIVATE LLC, in or around January 2020, to fill Defendant LOTTIE'S position as Deputy Director of Bike Fleet Management and became the individual to whom Plaintiff reported.

16. Upon information and belief, CHRIS RUSSELL is resident of New Jersey.

## FACTUAL BACKGROUND

17. On or about December 17, 2018, Plaintiff was hired by Defendant MOTIVATE LLC, as a Bike Fleet Manager and managed a Field Bike Mechanic team of approximately twenty-five (25) employees.

18. Approximately 5 months later, on or about May 2019, Plaintiff was deployed by the U.S. Army for military service training and returned from military leave on or about September 29, 2019.

19. Prior to his military leave departure, Plaintiff performed his duties satisfactorily and he was never presented with any type of performance-based documentation.

20. On or about September 30, 2019 which would have been the end date of his orders, Plaintiff received from United States Army Reserves notification that he would receiving an extension of orders through November 15, 2019.

21. Also on September 30, 2019, Plaintiff received from MOTIVATE LLC an email stating that Plaintiff was being coded as a "No Call, No Show" ("NCNS").

22. On November 14, 2019, Plaintiff reached out to Defendant LOTTIE and Antoine Nolley from the HR department, requesting a meeting to clarify his return to work.

23. Under USERRA, 38 U.S.C. §§ 4301 *et seq.*, Plaintiff had 14 days from the release of service to notify his employer of his return from service.

24. An in-person meeting was scheduled for November 18, 2019. During that meeting, Plaintiff was told by HR and Defendant LOTTIE that, rather than a mere meeting, they would deem the 18th Plaintiff's actual return date. Plaintiff explained that under the reemployment requirements that his return date should be scheduled 14 days from the end of his orders.

25. At the meeting, Plaintiff was also told by Defendant LOTTIE that Plaintiff's position had been filled by John Brock during Plaintiff's military leave and that there no longer was a defined role or position for Plaintiff at the company. During the meeting Defendant LOTTIE also proposed a Tuesday-Saturday work schedule for him upon is return.

26. During email exchanges, Plaintiff inquired when the company wanted him to start. Plaintiff stated that he could return as early as November 29, 2019, since his orders ended on November 15, 2019 or he also proposed that his start date could be scheduled for Tuesday, December 3, 2019, to align with your new work schedule.

27. Not having received a response to his query, Plaintiff decided to show up for work on November 29, 2019 and also worked also worked on November 30, 2019.

28. When Plaintiff arrived at work on December 3, 2019, Defendant LOTTIE again informed him that there was no longer a defined role for him and that the staffing had changed and now 3 shift managers now reported to John Brock, all of whom shared responsibility for the same tasks the Plaintiff was singularly responsible for in early 2019.

29. Defendant LOTTIE also told Plaintiff that he would be reassigned to cover shifts in inventory and supply section; however, he was never given clear role or responsibilities, although he had requested the same on several occasions.

30. About a month and one half later, on or about January 15, 2020, Plaintiff was given by Defendant LOTTIE a poor evaluation in his 2019 Annual Review, with an average overall rating of "did not meet expectations."

31. In Plaintiff's performance review, in the "Goals and Results" section, Defendant LOTTIE acknowledged that the review of an employee who has been out of the office for an extended time period is made "difficult," yet still rated Plaintiff as not meeting expectations, a rating which accounts for fifty percent (50%) of the overall review.

32. Defendant LOTTIE states generally various aspects of Plaintiff's performance that he failed to improve, such as a more timely completion of assignments and better communication skills, even though Plaintiff "only had less than half of the year to do so in 2019."[1]

33. Defendant LOTTIE also perceived Plaintiff as, and criticized him for, lacking the degree of "tenacity and effort" that Defendant LOTTIE would expect of someone returning from a prolonged absence.

34. Although Defendant LOTTIE stated his understanding that Plaintiff did not have a "clear role" at Defendant MOTIVATE LLC, Defendant LOTTIE cited in support of his criticism to an incident allegedly occurring on December 3, 2019, the date of Plaintiff's return

---

[1] It should be noted that, although the 2019 Annual Review provides a space for the signature of the employee's manager, Defendant LOTTIE did not sign his name to the document.

from military leave, in which Defendant LOTTIE observed Plaintiff inattentiveness while using a personal computer during a work-related meeting.[2]

35. Defendant LOTTIE also conceded the objectively shocking nature of the evaluation, writing therein to Plaintiff, "I know this review may seem harsh and I acknowledge that you've been gone the bulk of the year and came back at a time when there isn't a lot going on. You have not received a clear picture of role…"

36. On or about February 10, 2020, Plaintiff notified Defendants that he had from the U.S. Army a second set of orders selecting Plaintiff for deployment in the Fall of 2020.

37. Nine days later, on or about February 19, 2020, Plaintiff was placed on a Performance Improvement Plan (PIP) due to concerns that Defendants had regarding Plaintiff's performance.

38. The PIP gave specific examples of areas of concern with Plaintiff's performance, repeating as the first two examples Plaintiff's inattentiveness at the meeting on December 3, 2019, and more timely completion of an assignment and better communication in mid-January 2020.[3]

39. On or about February 28, 2020, Defendants handed Plaintiff a separation agreement and terminated his employment. Plaintiff did not sign the separation agreement.

40. Pursuant to §8-502(c) of the Administrative Code of the City of New York, a copy of this complaint shall be served upon the New York City Law Department of the New York City Commissions on Human Rights within 10 days of the filing of this action.

---

[2] It should be noted further that this meeting took place at a time when Plaintiff had not been assigned a position or performance obligations.
[3] Although spaces are provided, the PIP bears neither the signature of Plaintiff nor of the Manager/PIP Administrator.

## AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF USERRA, 38 U.S.C § 4301, *et seq.*, as amended
### (AS TO ALL DEFENDANTS)

41. Plaintiff DEION STALLING reiterates and incorporates by reference paragraphs numbered 1 through 40.

42. Defendants violated DEION STALLING's rights under USERRA, 38 U.S.C §4301, *et seq., et. seq.*, because the employer by and through its agents and employees subjected DEION STALLING to disparate treatment in the terms and conditions of his employment, and ultimately terminated his employment on the basis of his active military service.

43. USERRA prohibits employment discrimination due to past, present or future military membership in all aspects of employment including hiring, retention, promotion, reemployment, discharge and benefits. Section 38 U.S. Code § 4316(c)(1) provides a one-year protection from termination, except for cause, for a servicemember who been on deployment furlough was over 180 days.

44. Plaintiff comes under the statute's protection and the Defendants bear the burden of proving that it had *just cause* to terminate him.

45. DEION STALLING has suffered injuries and damages as a result, including loss of employment, loss of career advancement opportunities, loss of salary, mental anguish and emotional distress and is entitled to compensatory damages. DEION STALLING requests compensatory damages and punitive damages in an amount to be determined at trial and attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF the NEW YORK CITY ADMINISTRATIVE CODE, 8-101 *et seq.*
### (AS TO ALL DEFENDANTS)

46. Plaintiff DEION STALLING reiterates and incorporates by reference paragraphs numbered 1 through 40.

47. Defendants violated DEION STALLING's rights under the New York City Human Rights Law, New York City Admin. Code § 8-101, *et seq.,* by denying Plaintiff DEION STALLING equal terms, conditions, and privileges of employment and subjecting him to different standards of performance evaluation and discipline based on his "uniformed service," in violation of Section 8-107(1)(a) of the Code.

48. Defendants MATTHEW PARKER, JUSTIN LOTTIE, and CHRIS RUSSELL aided and abetted in the unlawful conduct and actions described herein which DEION STALLING was subjected to and are therefor individually liable.

49. Plaintiff DEION STALLING has suffered injuries and damages as a result, including loss of employment, loss of career advancement opportunities, loss of income, emotional distress and is entitled to compensatory damages.

50. DEION STALLING requests compensatory damages and punitive damages in an amount to be determined at trial and attorneys' fees and costs.

## AS AND FOR THE THIRD CAUSE OF ACTION
VIOLATION OF the NEW YORK STATE EXECUTIVE LAW, ARTICLE 15, HUMAN RIGHTS LAW, § 290 et seq.
(AS TO DEFENDANT MOTIVATE LIC)
(Discrimination based on status as an active military service member)

51. Plaintiff DEION STALLING reiterates and incorporates by reference paragraphs numbered 1 through 40.

52. Defendant MOTIVATE LLC violated Plaintiff DEION STALLING's rights under the New York State Executive Laws § 290 *et seq.*, by subjecting DEION STALLING to disparate treatment in the terms and conditions of his employment, and ultimately terminated his employment on the basis military status, in violation of Section 296(1)(a) of the Executive Law and have damaged him thereby.

53. DEION STALLING has suffered injuries and damages as a result, including loss of employment, loss of career advancement opportunities, loss of income, emotional distress and is entitled to compensatory damages.

54. DEION STALLING requests compensatory damages and punitive damages in an amount to be determined at trial and attorneys' fees and costs.

**WHEREFORE** and in light of the foregoing, Plaintiff DEION STALLING respectfully requests that the Court assume jurisdiction and grant the following relief:

a. Award Plaintiff compensatory damages in an amount to be determined at the time of trial, including for back pay, front pay, lost benefits, and damages for emotional distress and mental anguish;

b. Award Plaintiff punitive damages in an amount to be determined at the time of trial against the individually named Defendants;

c. Award Plaintiff reasonable attorneys' fees and costs;

d. Convene and empanel a jury to consider the merits of Plaintiff's claims; and

e. Award such other and further relief as this Court deems appropriate, just and equitable.

Dated: New York, New York
August 10, 2020

Respectfully submitted,

DELINCE LAW PLLC
*Attorney for Plaintiff*
299 Broadway, Suite 1310
New York, New York 10007
Tel: 212 382-3544
jpd@delincelaw.com

*J. Patrick DeLince*
By: _____
J. Patrick DeLince (JD5795)